# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:04-CR-0064-KJD-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| KEVIN ERIC CURTIN, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Release (#86). The Government filed an opposition (#89) to which Defendant replied (#93). The Government also filed a Motion to Strike Defendant's Reply (#94). Defendant filed a response in opposition (#95) to which the Government replied (#96). A hearing was held November 6, 2007. Because the Defendant was previously ordered detained by the magistrate judge and a request for reconsideration denied, this Court elected to treat the motion for release as one to reopen the detention hearing. The Court denies the Government's motion to strike. The fact that Defendant's opposition was one day late has not been shown to have been prejudicial to the Government.

## PROCEDURAL HISTORY

Defendant is charged with Coercion and Enticement, a violation of Title 18 United States Code, Section 2422(b), and Travel with Intent to Engage in a Sexual Act with a Juvenile, a violation of 18 U.S.C. §2423(b). He was indicted on July 7, 2004, following an investigation by

the Las Vegas Metropolitan Police Department.  He was convicted on August 3, 2004, following trial by jury.

## ANALYSIS

Pursuant to 18 U.S.C. §3142(e), (f), the crimes of Coercion and Enticement and Travel with Intent to Engage in a Sexual Act with a Juvenile give rise to a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the safety of other persons and the community.   The burden is on the Defendant to rebut the presumption.

The standard for reopening a detention hearing is whether there is new information not known at the time of the original hearing that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required. See 18 U.S.C. §3142(f)(2)(B).

Defendant argues the fact that he has served approximately 43 months of a 60 month sentence, that his conviction has been reversed, and the possibility that he may either be placed in administrative segregation or a half-way house to be "new information" not known at the time of the original detention hearing that has a material bearing on his present custodial status.  The Government responds that administrative segregation is no more likely now than before, that placement in a half-way house is also speculative and that with a potential enhancement for obstruction, Defendant is facing a potential exposure of 97 months if convicted on retrial. Defendant responds that the Court is prohibited from imposing a sentence greater than that received following the original trial, citing North Carolina v. Pearce, 395 U.S. 711 (1969).  While there is support for Defendant's position in a concurring opinion by Justice Douglas in which Justice Marshall joined, the majority opinion contains no such blanket proscription against increased sentences.  At most, Pearce held that under certain circumstances where sentences were increased, there would be a presumption of vindictiveness.  However, cases decided subsequent to Pearce make it clear that application of the presumption (of vindictiveness) is limited to circumstances in

which there a reasonable likelihood that an unexplained increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness. See Alabama v. Smith, 490 U.S. 794 (1989); see also Chaffin v. Stynchcombe, 412 U.S. 17, 25 (1973) ("the Pearce presumption was not designed to prevent the imposition of an increased sentence on retrial for some valid reason associated with the need for flexibility and discretion in the sentencing process...", but was "premised on the apparent need to guard against vindictiveness in the resentencing process"). In this case, it is not at all clear that the Pearce presumption would apply. The judge who presided over the first trial and imposed sentence recused after Defendant's conviction was vacated.

      The Government, in support of its reasoning that Defendant may receive a greater sentence on retrial, offers that the obstruction enhancement was not available under sentencing law current at the time of Defendant's first sentencing, however that it would be available under current law. A two level enhancement for obstruction would increase Defendants sentencing range to 78-97 months upon retrial. At this stage of the proceedings it cannot be determined whether circumstances would arise in a second trial or changes in sentencing law would occur which would result in a higher sentence. However, the possibility of a longer sentence negates Defendant's argument to the effect that there is little likelihood he, as a reasonable man, would abscond with only a few months left on his original sentence.

      Accordingly, the Court finds that there has been presented no material information that would have a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the defendant as required.

      However, even assuming the fact Defendant has served most of the original sentence could be considered material information that would have a bearing on the issue of whether appropriate conditions could be fashioned, that is insufficient for this Court to find he has rebutted the

presumption he is a danger to the community, or that such conditions as would protect the public and assure his appearance could be actually fashioned.

In determining whether a Defendant may be released from detention following arrest, the Court is to consider the following factors:

1. The nature and circumstances of the crime charged;
2. The weight of the evidence;
3. The history and characteristics of the Defendant;
4. The danger to the community of the Defendant's release.

See 18 U.S.C. §3142(g). Additionally, 18 U.S.C. §3142(i) requires that any detention order contain written findings of fact and statements of the reasons for detention.

**Nature and Circumstances of the Crime**

Defendant's internet communication with the putative 14 year old is typical of internet predators. It incorporates the graphic, coarse and reckless language of individuals who assume that children have sunk to the same level of depravity as the adults who pursue them. His argument that a reasonable person would not abscond with a few months to run in his original sentence fails in light of his unreasonable conduct in traveling to Nevada to meet a person he believed to be 14 years of age. As evidenced by his internet communications, Defendant was not exercising reason. His claim that he was actually expecting to meet a 30 year-old woman who sent a youthful picture of herself in response to one of him is unsupported.

**Weight of Evidence**

A grand jury has determined the evidence is sufficient to return an indictment against Defendant. Based upon the alleged admissions of the Defendant after receiving his Miranda warning and the evidence presented, even without the evidence from his PDA and laptop computer, a reasonable jury could find Defendant violated federal statutes on coercion and enticement and travel with intent to engage in a sexual act with a juvenile. Defendant's claim, that he was role

4

playing and believed he was meeting a 30 year old after being informed the person he was communicating with was age 14, is no more likely to be believed by a second jury than it was by the first.

**History and Characteristics of Defendant**

Defendant's community ties to Las Vegas, Nevada, and even Los Angeles, California, are weak. He does not have employment, own a home or have significant assets. A magistrate judge has, on even stronger evidence of potential employment and a similar recommendation from Pretrial Services, determined that Defendant should not be released. Defendant admits frequenting other internet sites involving children. Defendant has arguably demonstrated a willingness to accept the risk of a lengthy minimum term of imprisonment as a potential consequence of pursuing his interest in the molestation of minor children. His statement that he is employable in his occupation as a magician is not reassuring. His occupation as a magician may give him an advantage in approaching juveniles. His proposed residence in Riverside, California, is not more than a few minutes from the Mexican border. Although his parents have offered to take responsibility for him, they will not be able to keep track of him every minute of the day. His argument, that he can be adequately supervised by his father and mother, is unpersuasive. Defendant's father has cancer and will likely be absent from the home for treatment. It would be surprising if Defendant's mother did not accompany his father to such treatments. Even with electronic monitoring there would be nothing to physically keep the Defendant from leaving the premises at any time or enticing minors to enter his home from the street. He could easily communicate through the mail or using couriers. He is sufficiently sophisticated in his knowledge of computers and other communications equipment to have possessed a PDA and to have downloaded the materials he possessed at the time of his arrest. He is thus undoubtedly familiar with wireless internet access devises such as cellular phones, tablet PC's, and other technology currently available. Such devices are small, highly portable and easily concealed. Defendant could easily obtain and employ any of them without fear

of detection. He has, in the past, successfully hidden his communications with putative minors from his family. He is currently 46 years of age. If he fears additional years of incarceration together with 5 or more years of supervised release, he will be tempted to abscond. There is no evidence before the Court to suggest he has been rehabilitated while in prison. No evidence was introduced by the Defendant which would assist this Court in finding that his community ties are such that he is not a flight risk, let alone that he has rebutted the presumption that he is a danger to the community.

**Danger to Community**

It should be obvious from the above discussion that Defendant is a danger to the community. However, the more specific issue to be addressed is whether any condition or set of conditions for release from detention can adequately protect the public.

It is the finding of this Court that given the history of this Defendant and the circumstances of this case, the measures recommended by the Pretrial Services will not adequately protect the public. Nor will any other practicable or reasonable measures. Numerous opportunities for diversion will present themselves. Absent a pretrial services officer accompanying Defendant throughout the day, it will be impossible to know what the Defendant is doing at any given moment. As is usually the case, successful supervision will be dependent on Defendant's honesty and integrity. However, Defendant's criminal history demonstrates that he is willing to employ false identity and other diversions to pursue his interest in minor children. Even a valiant effort by Pretrial Services cannot ensure that Defendant will not abscond or violate conditions of supervised release. Defendant has shown by his conduct that the threat of imprisonment is not a deterrent to him.

CONCLUSION

Defendant is charged with crimes involving a person he was informed was a 14 year old girl. He has been indicted and convicted on facts that are largely undisputed. It is undisputed that he

traveled to Las Vegas Nevada for the purpose of having sex with a female he had been informed was age 14.  His defense, that he thought the intended victim was age 30 and was role playing with him, was rejected by a jury.  The Government has informed Defendant they will be seeking more prison time if he is convicted.  Defendant has not met his burden of rebutting the presumption that no condition or combination of conditions of release will reasonably assure the safety of other persons and the community.  This Court finds that no condition or combination of conditions can reasonably assure the appearance of the Defendant as required, or the safety of minors and the community.

   Accordingly, IT IS HEREBY ORDERED that the Government's Motion to Strike Defendant's Reply (#89) is **DENIED**;

   IT IS FURTHER ORDERED that Defendant's Motion for Release (#86) is **DENIED.**

   The Defendant will be detained pending trial.

   DATED this 7TH day of November, 2007.

_____
Kent J. Dawson
United States District Judge